# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO MOLINA,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA SOCIAL SERVICE UNION, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 668; STEPHEN CATANESE, in his official capacity as President of Pennsylvania Social Service Union, Service Employees International Union, Local 668; LEHIGH COUNTY BOARD OF COMMISSIONERS; LEHIGH COUNTY OFFICE OF CHILDREN AND YOUTH SERVICES; PHIL ARMSTRONG, in his official capacity as County Executive of Lehigh County; and M. JUDITH JOHNSTON, in her official capacity as Director of Human Resources of Lehigh County.<br><br>    Defendants. | **Case No.** _____<br><br>(Hon. _____)<br><br>**COMPLAINT**<br><br>--ELECTRONICALLY FILED-- |

AND NOW comes Plaintiff Francisco Molina, by and through his undersigned attorneys, and states the following claims for relief against Defendants Pennsylvania Social Service Union, Service Employees International Union, Local 668 ("PSSU"); Stephen Catanese, in his official capacity as President of PSSU; Lehigh County Board of Commissioners; Lehigh County Office of Children and Youth Services; Phil Armstrong, in his official capacity as County Executive of Lehigh County; and M.

1

Judith Johnston, in her official capacity as Director of Human Resources of Lehigh County, and avers as follows:

## SUMMARY OF THE CASE

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 for preliminary and permanent injunctive relief, declaratory relief, and monetary relief, to redress and to prevent the deprivation of rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States Constitution caused by statutes, ordinances, and Defendants' contracts, policies, and practices that prohibit PSSU members from resigning from the union except during one 15-day period over the term of a relevant collective bargaining agreement.

2. In so doing, Defendants have acted under the color of state law, specifically, the state's Public Employe Relations Act ("PERA"), 43 P.S. §§ 1101.101–1101.2301; section 310(a)(11) of the Home Rule Charter of Lehigh County; Lehigh County Ordinance 2016–No. 124; and/or other state or local authority and are therefore state actors.

3. Pursuant to PERA and "Article III Union Security" of a collective bargaining agreement entered into between the Lehigh County Board of Commissioners and PSSU, setting forth terms and conditions of employment for certain public employees, including Mr. Molina, from January 1, 2014 to December 31, 2018 ("CBA"), Defendants have deprived, are depriving, and are threatening to continue to deprive, Mr. Molina of his constitutional rights. Specifically, PSSU, acting

in concert with Lehigh County and its Office of Children and Youth Services, through their named officers and officials, required Mr. Molina to maintain his membership in PSSU and its affiliates by restricting his right to resign from union membership and to end all aspects of union membership, including the payment of union dues; by refusing to acknowledge and/or accept Mr. Molina's resignation; and by failing to afford due process to Mr. Molina in the exercise of his constitutional rights, all under the color of state law.

4. Despite invalid authorization of dues deductions and Mr. Molina's resignation from PSSU, Defendants continued to have union dues deducted from his wages, and thus, in addition to injunctive and declaratory relief, Mr. Molina seeks compensatory and nominal damages for the violation of his First and Fourteenth Amendment rights, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

5. Mr. Molina brings this lawsuit pursuant to 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments to the United States Constitution; the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202; and 42 U.S.C. § 1988.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This action is an actual controversy in which Mr. Molina seeks a declaration of his rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare Plaintiff's rights and grant further

necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). PSSU is domiciled in Dauphin County, and a substantial part of the events or omissions giving rise to Mr. Molina's claims occurred in Dauphin County. *See* 28 U.S.C. § 118(b).

## PARTIES

8. Plaintiff Francisco Molina resides in Lehigh County, Pennsylvania. Until August 14, 2018, when Mr. Molina was dismissed from his position, Mr. Molina was employed as a County Social Services Aide 3 ("Aide") with Defendant Lehigh County Office of Children and Youth Services. When an Aide, Mr. Molina was a "Public employe" for purposes of PERA, 43 P.S. § 1101.301(2), and was in a bargaining unit exclusively represented for purposes of collective bargaining by PSSU.

9. Defendant PSSU is an "Employe organization," 43 P.S. § 1101.301(3), and "Representative," 43 P.S. § 1101.301(4), for purposes of PERA. Pursuant to the CBA, PSSU represents certain Lehigh County employees, including Mr. Molina, for purposes of collective bargaining with the Lehigh County Board of Commissioners. PSSU maintains a place of business at 2589 Interstate Drive, Harrisburg, Pennsylvania, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Middle District of Pennsylvania.

10. Defendant Stephen Catanese is the President of PSSU and is sued in his official capacity.

11. Defendant Lehigh County Board of Commissioners is the legislative branch of Lehigh County government and has all the legislative powers that may be exercised by the County under the Pennsylvania Constitution, state law, and the Lehigh County Home Rule Charter. Pursuant to sections 302(i) and 310(a)(11) of the Home Rule Charter, which requires that it "[f]ix[ ] and set[ ] the wage levels of County officers and employees," the Board of Commissioners approved by ordinance the CBA setting forth Mr. Molina's terms and conditions of employment, *see* Ordinance 2016–No. 124, attached hereto as "Exhibit A" and incorporated by reference herein.

12. Defendant Lehigh County Office of Children and Youth Services is a "Public employer" within the meaning of PERA, 43 P.S. § 1101.301(1). The Office of Children and Youth Services employed Mr. Molina as an Aide until approximately August 14, 2018.

13. Defendant Phil Armstrong is County Executive of Lehigh County and has all executive and administrative powers that may be exercised under the Pennsylvania Constitution, state law, and the Lehigh County Home Rule Charter. Among other duties, the County Executive supervises and directs the administration and internal organization of all agencies of Lehigh County, represents Lehigh County in negotiations with employee organizations, and executes or causes to be executed any collective bargaining agreements with Lehigh County. County Executive Armstrong is sued in his official capacity.

14. Defendant M. Judith Johnston is the Director of Human Resources of Lehigh County and, among other duties, oversees the payroll system for Lehigh County, including processing all payroll deductions pursuant to the requirements of the CBA's "Article III Union Security." Director Johnston is sued in her official capacity.

## FACTUAL ALLEGATIONS

15. Acting in concert and under color of state law, PSSU and Lehigh County Board of Commissioners, through their respective departments, offices, and officers, have entered into the CBA, which controlled the terms and conditions of Mr. Molina's employment. Ex. A.

16. PSSU and Lehigh County agreed to the term of the CBA, which is January 1, 2014, through December 31, 2018.

17. The CBA contains a "Union Security" article, which prohibits union members from resigning their union membership when and how they see fit, and provides in relevant part that:

> 3.1 Each employee who, on the effective date of this Agreement is a member of the Union, and each employee who becomes a member after the date shall maintain his/her membership in the Union, provided that such employee may resign from the Union during a period of fifteen (15) days prior to the expiration of this Agreement. The payment of dues and assessments uniformly required of the membership shall be the only requisite employment condition.
> 3.2 The Employer agrees to deduct the bi-weekly membership dues from the pay of those employees who individually request in writing that such deductions be made.

6

> The amounts to be deducted shall be certified to the Employer by the Union, and the aggregate deductions of all employees shall be remitted together with an itemized statement to the Union by the last day of the succeeding month, after such deductions are made. Except as otherwise provided in Section 3.1 of this Article, the authorization shall be irrevocable during the term of the Agreement.
>
> 3.3 . . . .
> The Union may demand the discharge of any employee who, on any tender date specified, fails to comply with the provisions of this Section, by serving written notice thereof on the Employer no later than ten (10) calendar days after such tender date, if, prior to such tender date, the Union has notified the employee of the exact amount of the financial obligation due to the Union. As soon as the Employer verifies that the employee specified in such written notice failed to comply and that the discharge of the employee would not otherwise be unlawful, the Employer shall discharge the employee.
>
> . . . .

Ex. A, CBA art. III, §§ 3.1–3.3.

18. Section 3.1 of the CBA's Article III imposes a maintenance of membership requirement mirroring, in substantive part, PERA's maintenance of membership provision, which states,

> (18) "Maintenance of membership" means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the proviso that any such employe or employes may resign from such employe organization during a period of fifteen days prior to the expiration of any such agreement.

43 P.S. § 1101.301(18). PERA also provides,

7

> Membership dues deductions and maintenance of membership are proper subjects of bargaining with the proviso that as to the latter, the payment of dues and assessments while members, may be the only requisite employment condition.

43 P.S. § 1101.705. PERA explicitly limits the rights of public employees as to "maintenance of membership":

> It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement.

43 P.S. § 1101.401.

19. Thus, the terms of both the CBA and PERA limit a public employee's right to resign from PSSU to only the 15-day window immediately preceding the expiration of the CBA.

20. Further, section 3.2 of the CBA's Article III provides for the deduction of union dues.

21. On information and belief, PSSU and/or its officials represent to membership that section 3.3 of the CBA's Article III is as applicable to PSSU members and well as nonmembers, such that PSSU members would be terminated if unable or unwilling to pay union dues.

8

22. On information and belief, PSSU and/or its officials represent to membership that, if a public employee resigns his or her membership, PSSU would no longer provide union representation to that public employee.

23. On information and belief, PSSU and/or its officials represent to membership that, if a public employee resigns his or her membership, that public employee is no longer entitled to the terms and conditions set forth in any collective bargaining agreements.

24. On or about January 10, 2018, PSSU called a meeting of PSSU members in Mr. Molina's bargaining unit.

25. At the January 10, 2018 membership meeting, PSSU requested that membership, including Mr. Molina, sign new membership cards that included authorization and assignment of dues deductions, made irrevocable from the date of signing until dates certain or dates specified by the CBA, whichever period is longer. A true and correct copy of PSSU's "Membership Application" is attached hereto as "Exhibit B" and incorporated by reference herein.

26. At the January 10, 2018 membership meeting, PSSU informed membership that it needed these new membership cards signed because all previously signed membership cards were "invalid."

27. Neither this new membership card nor, upon information and belief, any previous membership card informed public employees that they have a First Amendment right not to associate with or subsidize the speech of PSSU.

9

28. Neither this new membership card nor, upon information and belief, any previous membership card requested that public employees affirmatively waive or consent to a violation of their First Amendment rights.

29. Mr. Molina did not sign the new membership application and has never, irrespective of any previously signed membership cards, affirmatively waived or consented to a violation of his First Amendment rights.

30. On June 27, 2018, Mr. Molina asked Director Johnston, in her official capacity, to stop deducting union payments from his wages.

31. Director Johnston and/or her office represented to Mr. Molina that he must contact PSSU by certified letter, return receipt requested, in order to stop union payments.

32. On or about July 16, 2018, Mr. Molina sent his resignation letter to PSSU's headquarters located at 2589 Interstate Drive, Harrisburg, Pennsylvania, with a copy to Director Johnston. A true and correct copy of Mr. Molina's letter to PSSU is attached hereto as "Exhibit C" and incorporated by reference herein.

33. Mr. Molina's resignation letter was received at PSSU's headquarters on or about July 20, 2018. A true and correct copy of Mr. Molina's return receipt evidencing such delivery is attached hereto as "Exhibit D" and incorporated by reference herein.

34. On August 14, 2018, Mr. Molina was dismissed from his position with Lehigh County Office of Children and Youth Services.

35. No Defendant, or agent or official thereof, responded to Mr. Molina's resignation letters to confirm that his resignation was accepted.

36. Yet continually—from January 10, 2018, when PSSU informed membership that all previously signed membership cards were "invalid," to the date Mr. Molina concluded his employment with Lehigh County—PSSU continued to consider Mr. Molina a PSSU union member.

37. Continually—from January 10, 2018, when PSSU informed membership that all previously signed membership cards were "invalid," to the date Mr. Molina concluded his employment with Lehigh County—Director Johnston, in her official capacity, continued to deduct purported union dues from Mr. Molina's wages.

38. Continually—from January 10, 2018, when PSSU informed membership that all previously signed membership cards were "invalid," to the date Mr. Molina concluded his employment with Lehigh County—PSSU continued to take and/or accept purported union dues from Mr. Molina's wages.

39. Defendants took and accepted—and will continue to take and accept, in the event of reinstatement or an award of backpay—purported union dues from Mr. Molina's wages despite the fact that such seizure of purported union dues from his wages was not properly authorized or was otherwise against Mr. Molina's will and without his consent.

40. Mr. Molina objects to the compelled association with and financial subsidization of any activities of PSSU and its affiliates for any purpose.

## CLAIMS FOR RELIEF

## COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

41. Mr. Molina re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

42. The First and Fourteenth Amendments to the Constitution of the United States protect the associational, free speech, and free choice rights of United States citizens.

43. The Supreme Court recently held, in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018), that the Constitution prohibits unions from collecting "agency fee[s ]or any other payment to the union" from public employees who are not members of the union without their affirmative consent.

44. There is no state interest, compelling or otherwise, justifying the state's requirement that individuals remain members of a private organization, including a labor organization, for any length of time.

45. The above-cited portions of PERA and the CBA's Article III, on their faces and/or as applied by Defendants, permit Defendants to require that employees remain union members throughout the life of the CBA and, therefore, violate the limited constitutional authorization for exclusive representation by public-sector unions under the First Amendment, as set forth in relevant Supreme Court caselaw.

46. The above-cited portions of PERA and the CBA's Article III, on their faces and/or as applied by Defendants, permit Defendants to require that employees maintain unwilling allegiance to PSSU throughout the life of the CBA and are, therefore, unconstitutional. This forced membership requirement impinges on Mr. Molina's exercise of his rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience, as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

47. The above-cited portions of PERA and the CBA's Article III, on their faces and/or as applied by Defendants, authorize Defendants to violate Mr. Molina's constitutional rights by withholding union dues or fees from him without his affirmative consent, in violation of the United States Constitution as explained in *Janus*, 138 S. Ct. 2448.

48. Accordingly, Mr. Molina is entitled to be recognized and treated as a nonmember, including the return of funds unconstitutionally seized from Mr. Molina, at least as far back as January 10, 2018, when PSSU publicly characterized its membership cards as "invalid."

49. At the very least, Mr. Molina is entitled to be recognized and treated as a nonmember, including the return of funds unconstitutionally seized from Mr. Molina since July 16, 2018, the date of his resignation.

50. As a direct result of Defendants' actions taken under PERA and the CBA, Mr. Molina:

    a. has been prevented from exercising his rights and privileges as a citizen of the United States to disassociate from and no longer support the agenda and expenses of a private organization with which he no longer agrees and/or to which he no longer wishes to belong as a member;

    b. has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

    c. is in imminent danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in imminent danger of suffering monetary damages and other harm; and

    d. is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

 51. If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Mr. Molina's constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

**COUNT TWO**
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

 52. Mr. Molina re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

53.   The Fourteenth Amendment to the Constitution of the United States guarantees due process to citizens facing deprivation of liberty or property by state actors. "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998); *see also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976).

54.   Additionally, public-sector unions and public employers have a responsibility, under the First Amendment, to provide procedures that minimize constitutional impingement inherent in compelled association and facilitate the protection of public employees' rights. *See Chi. Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

55.   Neither PSSU nor Mr. Catanese provided meaningful notice to Mr. Molina of his right to object to associating with or subsidizing the speech of PSSU.

56.   Neither Lehigh County Board of Commissioners, Lehigh County Office of Children and Youth Services, nor their officials provided meaningful notice to Mr. Molina of his right to object to associating with or subsidizing the speech of PSSU.

57.   Defendants failed to provide Mr. Molina any meaningful opportunity to object to continued seizure of his funds or a clearly defined process for asserting such an objection.

58.   Instead, Defendants put the burden on Mr. Molina to learn, assert, and vindicate his rights with respect to union payments, with the result that his initial

resignation was rejected by Director Johnston and his second, restated objection to PSSU was wholly ignored.

59. To date, Defendants have yet to address his resignation or provide due process concerning his resignation.

60. As a direct result of Defendants' actions taken under PERA and the CBA, Mr. Molina:

    a. has been prevented from exercising his rights and privileges as a citizen of the United States to disassociate from and no longer support the agenda and expenses of a private organization with which he no longer agrees and/or to which he no longer wishes to belong as a member;

    b. has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

    c. is in imminent danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in imminent danger of suffering monetary damages and other harm; and

    d. is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

61. If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Mr. Molina's

constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

a. **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

　　i.　　that Article III of the CBA between PSSU and Lehigh County Board of Commissioners, on its face and as applied, unconstitutionally abridges Mr. Molina's rights under the First and Fourteenth Amendments to the Constitution of the United States;

　　ii.　　that certain PERA provisions, *see* 43 P.S. §§ 1101.301(18); 1101.401; 1101.705, on their face and as applied, violate the First and Fourteenth Amendments to the United States Constitution;

　　iii.　　that the First and Fourteenth Amendments prevent Defendants from restricting Mr. Molina's right to resign from union membership at any time;

　　iv.　　that the First and Fourteenth Amendments prevent Defendants from seizing Mr. Molina's funds without his affirmative consent or waiver of First Amendment rights; and

     v.     that the Fourteenth Amendment requires due process of law for union nonmembers and members alike, specifically, meaningful notice concerning their rights and a meaningful opportunity to object to continued seizure of his funds in the context of a clearly defined process for asserting such an objection.

b. **Injunctive:** A permanent injunction:

    i.    enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from:

        a.    engaging in any of the activities listed in Part A above, which the Court declares unconstitutional;

        b.    enforcing the Article III of the CBA or any subsequent, substantially similar provision between PSSU and Lehigh County Board of Commissioners which requires Mr. Molina to remain a member of PSSU for a particular length of time.

    ii.    requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, to:

        a.    expunge the Article III of the CBA;

        b.    honor Mr. Molina's resignation from union membership; and

        c.    refund to Mr. Molina all union dues deducted from his wages from at least January 10, 2018, plus interest thereon.

c. **Monetary:** A judgment awarding Mr. Molina nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of his constitutional and civil rights including, but not limited to, the amount of dues deducted from his wages without Mr. Molina's affirmative consent and waiver of his First Amendment rights, plus interest thereon, and such amounts as principles of justice and compensation warrant.

d. **Attorneys' Fees and Costs:** A judgment awarding Mr. Molina costs, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

e. **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: January 7, 2019

*s/ David R. Osborne*
David R. Osborne
Pa. Attorney I.D. No. 318024
E-mail: drosborne@fairnesscenter.org
Nathan J. McGrath
Pa. Attorney I.D. No. 308845
E-mail: njmcgrath@fairnesscenter.org
Danielle R.A. Susanj
Pa. Attorney I.D. No. 316208
E-mail: drasusanj@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Floor 2
Harrisburg, Pennsylvania 17101
Phone: 844.293.1001
*Attorneys for Plaintiff*