# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO MOLINA,<br><br>       Plaintiff,<br><br>v.<br><br>PENNSYLVANIA SOCIAL SERVICE UNION, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 668; STEPHEN CATANESE, in his official capacity as President of Pennsylvania Social Service Union, Service Employees International Union, Local 668; and LEHIGH COUNTY BOARD OF COMMISSIONERS,<br><br>       Defendants. | **Case No. 1:19-cv-00019-YK**<br><br>(Hon. Yvette Kane)<br><br>**FIRST AMENDED COMPLAINT**<br><br>--ELECTRONICALLY FILED-- |

AND NOW comes Plaintiff Francisco Molina, by and through his undersigned attorneys, and states the following claims for relief against Defendants Pennsylvania Social Service Union, Service Employees International Union, Local 668 ("PSSU"); Stephen Catanese, in his official capacity as President of PSSU; and Lehigh County Board of Commissioners ("Lehigh County"), and avers as follows:

## SUMMARY OF THE CASE

1.    This is a civil rights action pursuant to 42 U.S.C. § 1983 for preliminary and permanent injunctive relief, declaratory relief, and monetary relief, to redress and to prevent the deprivation of rights, privileges, and/or immunities under the First and

Fourteenth Amendments to the United States Constitution caused by statutes, ordinances, and Defendants' contracts, policies, and practices that prohibit PSSU members from resigning from the union except during one 15-day period over the term of a relevant collective bargaining agreement.

2.  In so doing, Defendants have acted under the color of state law, specifically, the state's Public Employe Relations Act ("PERA"), 43 P.S. §§ 1101.101–1101.2301; section 310(a)(11) of the Home Rule Charter of Lehigh County; Lehigh County Ordinance 2016–No. 124; and/or other state or local authority and are therefore state actors.

3.  Pursuant to PERA and "Article III Union Security" of a collective bargaining agreement entered into between Lehigh County and PSSU, setting forth terms and conditions of employment for certain public employees, including Mr. Molina, from January 1, 2014, to December 31, 2018 ("CBA"), Defendants have deprived, are depriving, and are threatening to continue to deprive, Mr. Molina of his constitutional rights. Specifically, PSSU, acting in concert with Lehigh County, through their officers and officials, required Mr. Molina to maintain his membership in PSSU and its affiliates by restricting his right to resign from union membership and to end all aspects of union membership, including the payment of union dues; by refusing to acknowledge and/or accept Mr. Molina's resignation; and by failing to afford due process to Mr. Molina in the exercise of his constitutional rights, all under the color of state law.

2

4.      Despite invalid authorization of dues deductions and Mr. Molina's resignation from PSSU, Defendants continued to have union dues deducted from his wages, and thus, in addition to injunctive and declaratory relief, Mr. Molina seeks compensatory and nominal damages for the violation of his First and Fourteenth Amendment rights, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      Mr. Molina brings this lawsuit pursuant to 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments to the United States Constitution; the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202; and 42 U.S.C. § 1988.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This action is an actual controversy in which Mr. Molina seeks a declaration of his rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare Plaintiff's rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

7.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). PSSU is domiciled in Dauphin County, and a substantial part of the events or omissions giving rise to Mr. Molina's claims occurred in Dauphin County. *See* 28 U.S.C. § 118(b).

## PARTIES

8.      Plaintiff Francisco Molina is an adult individual residing in Lehigh

County, Pennsylvania. Until August 14, 2018, when Mr. Molina was dismissed from

his position, Mr. Molina was employed as a County Social Services Aide 3 ("Aide")

with Lehigh County's Office of Children and Youth Services. When an Aide, Mr.

Molina was a "Public employe" for purposes of PERA, 43 P.S. § 1101.301(2), and was

in a bargaining unit exclusively represented for purposes of collective bargaining by

PSSU.

9.      Defendant PSSU is an "Employe organization," 43 P.S. § 1101.301(3),

and "Representative," 43 P.S. § 1101.301(4), for purposes of PERA. Pursuant to the

CBA, PSSU represents certain Lehigh County employees, including Mr. Molina, for

purposes of collective bargaining with Lehigh County. PSSU maintains a place of

business at 2589 Interstate Drive, Harrisburg, Pennsylvania, and conducts its business

and operations throughout the Commonwealth of Pennsylvania, including the Middle

District of Pennsylvania.

10.     Defendant Stephen Catanese is the President of PSSU and is sued in his

official capacity.

11.     Defendant Lehigh County is the legislative branch of Lehigh County

government and has all the legislative powers that may be exercised by the County

under the Pennsylvania Constitution, state law, and the Lehigh County Home Rule

Charter. Pursuant to sections 302(i) and 310(a)(11) of the Home Rule Charter, which

4

requires that it "[f]ix[ ] and set[ ] the wage levels of County officers and employees," Lehigh County approved by ordinance the CBA setting forth Mr. Molina's terms and conditions of employment, *see* Ordinance 2016–No. 124, attached hereto as "Exhibit A" and incorporated by reference herein.

## FACTUAL ALLEGATIONS

12.     Acting in concert and under color of state law, PSSU and Lehigh County, through their respective departments, offices, and officers, have entered into the CBA, which controlled the terms and conditions of Mr. Molina's employment. Ex. A.

13.     PSSU and Lehigh County agreed to the term of the CBA, which is January 1, 2014, through December 31, 2018.

14.     PSSU and Lehigh County are expected to continue to operate pursuant to the terms and conditions of the CBA, including those for Mr. Molina's position, until they reach a successor agreement.

15.     The CBA contains a "Union Security" article, which prohibits union members from resigning their union membership when and how they see fit, and provides in relevant part that:

> 3.1 Each employee who, on the effective date of this Agreement is a member of the Union, and each employee who becomes a member after the date shall maintain his/her membership in the Union, provided that such employee may resign from the Union during a period of fifteen (15) days prior to the expiration of this Agreement. The payment of

dues and assessments uniformly required of the membership shall be the only requisite employment condition.

3.2 The Employer agrees to deduct the bi-weekly membership dues from the pay of those employees who individually request in writing that such deductions be made. The amounts to be deducted shall be certified to the Employer by the Union, and the aggregate deductions of all employees shall be remitted together with an itemized statement to the Union by the last day of the succeeding month, after such deductions are made. Except as otherwise provided in Section 3.1 of this Article, the authorization shall be irrevocable during the term of the Agreement.

3.3 . . . .

The Union may demand the discharge of any employee who, on any tender date specified, fails to comply with the provisions of this Section, by serving written notice thereof on the Employer no later than ten (10) calendar days after such tender date, if, prior to such tender date, the Union has notified the employee of the exact amount of the financial obligation due to the Union. As soon as the Employer verifies that the employee specified in such written notice failed to comply and that the discharge of the employee would not otherwise be unlawful, the Employer shall discharge the employee.

. . . .

Ex. A, CBA art. III, §§ 3.1–3.3.

16.     Section 3.1 of the CBA's Article III imposes a maintenance of membership requirement mirroring, in substantive part, PERA's maintenance of membership provision, which states,

(18) "Maintenance of membership" means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the proviso that any such employe or employes may resign from such employe

> organization during a period of fifteen days prior to the
> expiration of any such agreement.

43 P.S. § 1101.301(18). PERA also provides,

> Membership dues deductions and maintenance of
> membership are proper subjects of bargaining with the
> proviso that as to the latter, the payment of dues and
> assessments while members, may be the only requisite
> employment condition.

43 P.S. § 1101.705. PERA explicitly limits the rights of public employees as to

"maintenance of membership":

> It shall be lawful for public employes to organize,
> form, join or assist in employe organizations or to engage in
> lawful concerted activities for the purpose of collective
> bargaining or other mutual aid and protection or to bargain
> collectively through representatives of their own free choice
> and such employes shall also have the right to refrain from
> any or all such activities, except as may be required pursuant
> to a maintenance of membership provision in a collective
> bargaining agreement.

43 P.S. § 1101.401.

17.    Thus, the terms of both the CBA and PERA limit a public employee's

right to resign from PSSU to only the 15-day window immediately preceding the

expiration of the CBA.

18.    Further, section 3.2 of the CBA's Article III provides for the deduction

of union dues.

19.    On information and belief, PSSU and/or its officials represent to

membership that section 3.3 of the CBA's Article III is applicable to PSSU members

and nonmembers, such that PSSU members would be terminated if unable or unwilling to pay union dues.

20.     On information and belief, PSSU and/or its officials represent to membership that, if a public employee resigns his or her membership, PSSU would no longer provide union representation to that public employee.

21.     On information and belief, PSSU and/or its officials represent to membership that, if a public employee resigns his or her membership, that public employee is no longer entitled to the terms and conditions set forth in any collective bargaining agreements.

22.     On or about January 10, 2018, PSSU called a meeting of PSSU members in Mr. Molina's bargaining unit.

23.     At the January 10, 2018 membership meeting, PSSU requested that certain PSSU members, including Mr. Molina, sign new membership cards that included authorization and assignment of dues deductions, made irrevocable from the date of signing until dates certain or dates specified by the CBA, whichever period is longer. A true and correct copy of PSSU's "Membership Application" is attached hereto as "Exhibit B" and incorporated by reference herein.

24.     At the January 10, 2018 membership meeting, PSSU informed membership that it needed these new membership cards signed because all previously signed membership cards were "invalid."

25.     Neither this new membership card nor, upon information and belief, any previous membership card informed public employees that they have a First Amendment right not to associate with or subsidize the speech of PSSU.

26.     Neither this new membership card nor, upon information and belief, any previous membership card requested that public employees affirmatively waive or consent to a violation of their First Amendment rights.

27.     Mr. Molina did not sign the new membership application and has never, irrespective of any previously signed membership cards, affirmatively waived or consented to a violation of his First Amendment rights.

28.     On June 27, 2018, Mr. Molina asked Lehigh County's Director of Human Resources, M. Judith Johnston ("Director Johnston"), to stop deducting union payments from his wages.

29.     Director Johnston and/or her office represented to Mr. Molina that he must contact PSSU by certified letter, return receipt requested, in order to stop union payments.

30.     On or about July 16, 2018, Mr. Molina sent his resignation letter to PSSU's headquarters located at 2589 Interstate Drive, Harrisburg, Pennsylvania, with a copy to Director Johnston. A true and correct copy of Mr. Molina's letter to PSSU is attached hereto as "Exhibit C" and incorporated by reference herein.

31.     Mr. Molina's resignation letter was received at PSSU's headquarters on or about July 20, 2018. A true and correct copy of Mr. Molina's return receipt

evidencing such delivery is attached hereto as "Exhibit D" and incorporated by reference herein.

32.     On August 14, 2018, Mr. Molina was dismissed from his position with Lehigh County's Office of Children and Youth Services.

33.     On August 20, 2018, pursuant to the CBA, Mr. Molina filed a timely grievance against Lehigh County seeking reinstatement and backpay. Mr. Molina notified Lehigh County of his intent to arbitrate and, at present, awaits initiation of such proceedings.

34.     Yet, even after Mr. Molina's resignation, PSSU continued to consider Mr. Molina a PSSU union member.

35.     In fact, on or about December 5, 2018, a new membership card was issued to Mr. Molina along with a letter "welcom[ing] [him] to the SEIU 668 family," and clarifying that he was still entitled to membership benefits and to attend PSSU meetings. A true and correct copy of Mr. Molina's membership card and welcome letter is attached hereto as "Exhibit E" and incorporated by reference herein.

36.     Even after Mr. Molina's resignation, Director Johnston, in her official capacity, continued to deduct purported union dues from Mr. Molina's wages.

37.      Even after Mr. Molina's resignation, PSSU continued to take and/or accept purported union dues from Mr. Molina's wages.

38.     Before this civil rights action was filed, no Defendant, or agent or official thereof, responded to Mr. Molina's resignation letters to confirm that his resignation was accepted.

39.     By letter dated January 8, 2019—after this civil rights action was initiated—PSSU informed Mr. Molina that it had "received [his] request to withdraw [his] participation in the union" and purported to "refund[ ]" to him "the dues withheld from the July 6, 2018 pay period through the August 17, 2018 pay period end (the last pay period dues were received)." A true and correct copy of PSSU's letter to Mr. Molina is attached hereto as "Exhibit F" and incorporated by reference herein.

40.     PSSU has yet to state that Mr. Molina is no longer a union member, that it had no authority to seize funds from his wages, or that it has no authority to deduct funds from Mr. Molina following his reinstatement or award of backpay.

41.     Defendants took and accepted—and, by all indication, will continue to take and accept, in the event of reinstatement or an award of backpay—purported union dues from Mr. Molina's wages despite the fact that such seizure of purported union dues from his wages was not properly authorized or was otherwise against Mr. Molina's will and without his consent.

42.     Mr. Molina objects to the compelled association with and financial subsidization of any activities of PSSU and its affiliates for any purpose.

## CLAIMS FOR RELIEF

## COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

43.    Mr. Molina re-alleges and incorporates by reference all allegations

contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

44.    The First and Fourteenth Amendments to the Constitution of the

United States protect the associational, free speech, and free choice rights of United

States citizens.

45.    The Supreme Court recently held, in *Janus v. AFSCME, Council 31*, 138

S. Ct. 2448, 2486 (2018), that the Constitution prohibits unions from collecting

"agency fee[s ]or any other payment to the union" from public employees who are

not members of the union without their affirmative consent.

46.    There is no state interest, compelling or otherwise, justifying the state's

requirement that individuals remain members of a private organization, including a

labor organization, for any length of time.

47.    The above-cited portions of PERA and the CBA's Article III, on their

faces and as applied by Defendants, permit Defendants to require that employees

remain union members throughout the life of the CBA and, therefore, violate the

limited constitutional authorization for exclusive representation by public-sector

unions under the First Amendment, as set forth in relevant Supreme Court caselaw.

48.     The above-cited portions of PERA and the CBA's Article III, on their faces and as applied by Defendants, permit Defendants to require that employees maintain unwilling allegiance to PSSU throughout the life of the CBA and are, therefore, unconstitutional. This forced membership requirement impinges on Mr. Molina's exercise of his rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience, as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

49.     As a direct result of Defendants' actions taken under PERA and the CBA, Mr. Molina:

a.     has been prevented from exercising his rights and privileges as a citizen of the United States to disassociate from and no longer support the agenda and expenses of a private organization with which he no longer agrees and/or to which he no longer wishes to belong as a member;

b.     has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

c.     is in danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in danger of suffering monetary damages and other harm, now and/or in the event he receives backpay or reinstatement; and

d.     is in danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there

is no adequate remedy at law, now and/or in the event he receives backpay or reinstatement.

50.     If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Mr. Molina's constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

## COUNT TWO
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

51.     Mr. Molina re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

52.     The Supreme Court recently held, in *Janus*, 138 S. Ct. at 2486, that public employees are entitled to a presumption of having retained their First Amendment rights and that the Constitution prohibits unions from collecting "agency fee[s ]or any other payment to the union" from public employees who are not members of the union without their affirmative consent.

53.     Since at least January 7, 2017, Defendants have seized funds from Mr. Molina under the authority of PERA and the CBA yet without Mr. Molina's clear, affirmative consent or his agreement to waive his rights.

54.     Accordingly, Defendants violated Mr. Molina's First Amendment rights as explained in *Janus*, 138 S. Ct. 2448.

55.     As such, Mr. Molina is entitled to the return of funds unconstitutionally seized from him since January 7, 2017, or as far back as the statute of limitations will allow.

56.     As a direct result of Defendants' actions taken under PERA and the CBA, Mr. Molina:

a.     has been prevented from exercising his rights and privileges as a citizen of the United States;

b.     has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

c.     is in danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in danger of suffering monetary damages and other harm, now and/or in the event he receives backpay or reinstatement; and

d.     is in danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law, now and/or in the event he receives backpay or reinstatement.

57.     If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Mr. Molina's constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

## COUNT THREE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

58.     Mr. Molina re-alleges and incorporates by reference all allegations

contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

59.     The Fourteenth Amendment to the Constitution of the United States

guarantees due process to citizens facing deprivation of liberty or property by state

actors. "At the core of procedural due process jurisprudence is the right to advance

notice of significant deprivations of liberty or property and to a meaningful

opportunity to be heard." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998); *see also*

*Mathews v. Eldridge*, 424 U.S. 319, 336 (1976).

60.     Additionally, public-sector unions and public employers have a

responsibility, under the First Amendment, to provide procedures that minimize

constitutional impingement inherent in compelled association and facilitate the

protection of public employees' rights. *See Chi. Teachers Union, Local No. 1 v. Hudson*,

475 U.S. 292, 307 & n.20 (1986).

61.     Neither PSSU nor Mr. Catanese provided meaningful notice to Mr.

Molina of his right to object to associating with or subsidizing the speech of PSSU.

62.     Neither Lehigh County nor any of its officials provided meaningful

notice to Mr. Molina of his right to object to associating with or subsidizing the

speech of PSSU.

63.     Defendants failed to provide Mr. Molina any meaningful opportunity to object to continued seizure of his funds or a clearly defined process for asserting such an objection.

64.     Instead, Defendants put the burden on Mr. Molina to learn, assert, and vindicate his rights with respect to union payments, with the result that union payments were unconstitutionally seized from his wages, his initial resignation was rejected by Director Johnston, and his second, restated objection to PSSU was wholly ignored until after this civil rights action was filed.

65.     To date, Defendants have yet to address his resignation or provide due process concerning his resignation.

66.     As a direct result of Defendants' actions taken under PERA and the CBA, Mr. Molina:

        a.      has been prevented from exercising his rights and privileges as a citizen of the United States to disassociate from and no longer support the agenda and expenses of a private organization with which he no longer agrees and/or to which he no longer wishes to belong as a member;

        b.      has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

        c.      is in danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in imminent danger of

suffering monetary damages and other harm, now and/or in the event he receives backpay or reinstatement; and

      d.    is in danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law, now and/or in the event he receives backpay or reinstatement.

67.    If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Mr. Molina's constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

a.    **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

    i.    that Article III of the CBA between PSSU and Lehigh County, on its face and as applied, unconstitutionally abridges Mr. Molina's rights under the First and Fourteenth Amendments to the Constitution of the United States;

    ii.    that certain PERA provisions, *see* 43 P.S. §§ 1101.301(18); 1101.401; 1101.705, on their face and as applied, violate the First and Fourteenth Amendments to the United States Constitution;

18

iii.      that the First and Fourteenth Amendments prevent Defendants from restricting Mr. Molina's right to resign from union membership at any time;

iv.      that the First and Fourteenth Amendments prevent Defendants from seizing Mr. Molina's funds without his affirmative consent or waiver of First Amendment rights; and

v.      that the Fourteenth Amendment requires due process of law for union nonmembers and members alike, specifically, meaningful notice concerning their rights and a meaningful opportunity to object to continued seizure of his funds in the context of a clearly defined process for asserting such an objection.

b.  **Injunctive:** A permanent injunction:

i.      enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from:

a.      engaging in any of the activities listed in Part "a." above, which the Court declares unconstitutional;

b.      enforcing the Article III of the CBA or any subsequent, substantially similar provision between PSSU and Lehigh County that requires Mr. Molina to remain a member of PSSU for a particular length of time.

ii.      requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, to:

a.      expunge the Article III of the CBA;

b.      honor Mr. Molina's resignation from union membership; and

c.      refund to Mr. Molina all funds unconstitutionally deducted from his wages from at least January 7, 2017, or as far back as the statute of limitations will allow, plus interest thereon.

c. **Monetary:** A judgment awarding Mr. Molina nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of his constitutional and civil rights including, but not limited to, the amount of dues deducted from his wages without Mr. Molina's affirmative consent and waiver of his First Amendment rights, plus interest thereon, and such amounts as principles of justice and compensation warrant.

d. **Attorneys' Fees and Costs:** A judgment awarding Mr. Molina costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

e. **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: February 11, 2019

*s/ David R. Osborne*
David R. Osborne
Pa. Attorney I.D. No. 318024
E-mail: drosborne@fairnesscenter.org
Nathan J. McGrath
Pa. Attorney I.D. No. 308845
E-mail: njmcgrath@fairnesscenter.org
Danielle R.A. Susanj
Pa. Attorney I.D. No. 316208
E-mail: drasusanj@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Floor 2
Harrisburg, Pennsylvania 17101
Phone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on February 11, 2019, I electronically filed the foregoing *First Amended Complaint* with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification of said filing to all counsel of record in this matter, who are ECF participants, and that constitutes service thereon pursuant to Local Rule 5.7.


Dated: February 11, 2019   *s/ David R. Osborne*
         David R. Osborne
         Pa. Attorney I.D. No. 318024
         E-mail: drosborne@fairnesscenter.org
         THE FAIRNESS CENTER
         500 North Third Street, Floor 2
         Harrisburg, Pennsylvania 17101
         Phone: 844.293.1001
         Facsimile: 717.307.3424

         *Attorney for Plaintiff*