**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FRANCISCO MOLINA,           :    Civil No. 1:19-CV-00019
                            :
      Plaintiff,          :
                            :
      v.                :
                            :
PENNSYLVANIA SOCIAL SERVICE  :
UNION, SERVICE EMPLOYEES     :
INTERNATIONAL, *et al.*,        :
                            :
      Defendants.      :    Judge Jennifer P. Wilson

<u>**MEMORANDUM**</u>

This is a civil rights case arising out of the deduction of union dues from a union member's paychecks.  Before the court are two motions for summary judgment filed by the Defendants.  For the reasons that follow, the motions are granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Defendant Service Employees International Union, Local 668 ("Local 668" or "the union"), represents a union of approximately 130 non-supervisory employees of Lehigh County, Pennsylvania ("Lehigh County" or "the county"). (Doc. 55 ¶ 1; Doc. 62 ¶ 1.)  On behalf of the county's employees, Local 668 entered into a collective bargaining agreement ("CBA") with the county, which

---

[1] The facts in this section are substantially derived from the Defendants' statement of material facts and the Plaintiff's statement in response.  (*See* Docs. 55, 62.)  A portion of the facts is also derived from the Plaintiff's amended complaint and the Defendants' answers to the amended complaint.  (*See* Docs. 20, 46–47.)

was effective from January 1, 2014 to December 31, 2018.  (*See* Doc. 20-1 at 6.)

The CBA contained a "Union Security" provision, which provided in relevant part

as follows:

> 3.1 Each employee, who on the effective date of this Agreement is a member of the Union, and each employee who becomes a member after the date shall maintain his/her membership in the Union, provided that such employee may resign from the Union during a period of fifteen (15) days prior to the expiration of this Agreement. The payment of dues and assessments uniformly required of the membership shall be the only requisite employment condition.

> 3.2 The Employer agrees to deduct the bi-weekly membership dues from the pay of those employees who individually request in writing that such deductions be made. The amounts to be deducted shall be certified to the Employer by the Union, and the aggregate deductions of all employees shall be remitted together with an itemized statement to the Union by the last day of the succeeding month, after such deductions are made. Except as otherwise provided in Section 3.1 of this Article, the authorization shall be irrevocable during the term of the Agreement.

(Doc. 20-1.)

Plaintiff Francisco Molina ("Molina") was employed as a non-supervisory

employee with the Office of Children and Youth Services of Lehigh County from

October 2006 to August 2018.  (Doc. 55 ¶ 2; Doc. 62 ¶ 2.)  On October 9, 2006,

Molina completed an application for membership in the union.  (Doc. 55 ¶ 3; Doc.

62 ¶ 3.)  At the same time, Molina signed a written authorization for Lehigh

County to deduct union dues from his paycheck and transmit those dues directly to

the union.  (Doc. 55 ¶ 3; Doc. 62 ¶ 3.)  The written authorization provided as

follows:

> I authorize my Employer to deduct from my wages each and
> every month my Union dues owing to PSSU/Service Employees
> International Union, Local 668, affiliated with AFL/CIO as a result of
> my membership therein, and I direct that such amounts so deducted be
> sent to the Offices of the Union on my behalf.
>
> This authorization shall be irrevocable for a period of one year
> or until the termination of the applicable collective bargaining
> agreement, whichever occurs sooner, irrespective of my membership
> status in the Union.  This authorization shall automatically renew and
> shall be irrevocable for successive periods of one year unless written
> notice of revocation is given to the Union and the employer not more
> than fifteen (15) days prior to the termination date of the initial or any
> renewed irrevocable period.

(Doc. 29-2 at 11.)  Molina's application to join the union was accepted, and he

remained a member of the union from October 2006 to July 2018.  (Doc. 55 ¶¶ 4,

7; Doc. 62 ¶¶ 4, 7.)  During his time as a member of the union, Molina was elected

to the position of shop steward.  (Doc. 55 ¶ 6; Doc. 62 ¶ 6.)

On July 20, 2018, the union received a letter from Molina stating that he

wished to resign as a member of the union.  (Doc. 55 ¶ 7; Doc. 62 ¶ 7.)  On August

14, 2018, Molina was dismissed from his position with Lehigh County.  (Doc. 20 ¶

32; Doc. 46 ¶ 32; Doc. 47 ¶ 32.)  Despite Molina having resigned his union

membership in July 2018, Lehigh County continued to deduct union dues from his

paycheck until August 17, 2018.  (Doc. 20 ¶ 37; Doc. 46 ¶ 37; Doc. 47 ¶ 37.)

Molina filed a complaint to challenge the deduction of union dues from his paycheck and the limits on his ability to resign from the union on January 7, 2019, which initiated this case. (Doc. 1.) The next day, the union refunded the union dues that had been deducted from Molina's paychecks for all pay periods between his resignation from the union and his dismissal from employment with Lehigh County. (Doc. 20 ¶ 39; Doc. 47 ¶ 39.) Molina then filed an amended complaint on February 11, 2019, naming as defendants the union, the Lehigh County Board of Commissioners ("the board"), and the president of the union, Stephen Catanese ("Catanese"). (Doc. 20.) In filing his amended complaint, Molina voluntarily dismissed his claims against Defendants Phil Armstrong, M. Judith Johnston, and Lehigh County Office of Children and Youth Services. (Doc. 21.)

The amended complaint raised three counts. In Count I, Molina asserted that the limits on his ability to resign from the union violated his First Amendment rights. (Doc. 20 ¶¶ 43–50.) In Count II, Molina asserted that the deduction of union fees from his paychecks violated his First Amendment rights. (*Id.* ¶¶ 51– 57.) This claim was expressly based on the Supreme Court's decision in *Janus v. Am. Fed'n of State, Cty. & Mun. Employees, Council 31*, __ U.S. __, 138 S. Ct. 2448 (2018). (Doc. 20 ¶ 54 ("Defendants violated Mr. Molina's First Amendment rights as explained in *Janus*, 138 S. Ct. 2448.")) In Count III, Molina argued that his due process rights were violated because neither Lehigh County nor the union

provided adequate procedures for him to object to his association with the union or the deduction of dues from his paychecks.  (*Id.* ¶¶ 58–67.)

On March 4, 2019, the union and Catanese ("Catanese") moved to dismiss Molina's amended complaint.  (Doc. 27.)  The board filed a separate motion to dismiss on the same date.  (Doc. 28.)  United States District Judge Yvette Kane granted the motions to dismiss in part on July 18, 2019.  (Docs. 40–41.) Specifically, Judge Kane dismissed all claims against Catanese, dismissed Count I in its entirety, and dismissed Count II to the extent it was based on the recovery of dues that had been deducted after Molina's resignation from the union.  (Doc. 41 at 1–2.)  Accordingly, the case proceeded only as to Counts II and III of Molina's amended complaint, with the claim in Count II limited to the dues that were deducted from Molina's paycheck before his resignation from the union.  (*Id.* at 2.) Following the resolution of the motions to dismiss, the board filed an answer to the amended complaint on September 10, 2019, and the union did the same on September 11, 2019.  (Docs. 46–47.)

On October 4, 2019, the union filed a motion for summary judgment.  (Doc. 50.)  The board filed a separate motion for summary judgment on October 7, 2019, in which it joined the union's arguments for summary judgment.  (Doc. 52.)  On the same day, Judge Kane conducted a telephone conference with the parties, during which the court stayed all fact discovery pending the resolution of the

Defendants' motions for summary judgment.  (Doc. 51.)  The union then filed a

brief in support of its motion for summary judgment on October 8, 2019, after

which the board filed an amended motion for summary judgment to specify that it

was joining the arguments made in the union's brief.  (Docs. 56–57.)  Molina filed

a brief opposing the union's motion on October 18, 2019, and the union filed a

reply brief on November 1, 2019.  (Docs. 61, 63.)  The board joined the union's

reply brief on November 3, 2019.  (Doc. 64.)

The case was reassigned from Judge Kane to the undersigned pursuant to a

verbal order from Chief United States District Judge Christopher C. Conner on

November 19, 2019.  The union subsequently filed a notice of supplemental

authority under Local Rule 7.36.  (Doc. 67.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district

court to exercise subject matter jurisdiction in civil cases arising under the

Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary."  *Id.*  "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'"  *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)).  The court may not "weigh the evidence" or "determine the truth of the matter."  *Anderson*, 477 U.S. at 249.  Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial."  *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then

oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'"  *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## THE PARTIES' SUMMARY JUDGMENT ARGUMENTS[2]

Defendants argue they should be granted summary judgment as to Plaintiff's First Amendment claim because Plaintiff voluntarily joined the union, and union dues deducted from the paycheck of an employee who has voluntarily joined a

---

[2] Because the board has joined the union's arguments for summary judgment, *see* Docs. 52, 57, 64, the court will refer to the union's arguments as the Defendants' arguments throughout the remainder of this opinion.

union do not violate the First Amendment.  (Doc. 56 at 10.)  Defendants argue that the Supreme Court's holding in *Janus* applies only to non-union members who are compelled to pay fees to support a union and says nothing about the relationship between unions and union members.  (*Id.* at 11–12.)  Defendants then argue that they should be granted summary judgment as to Molina's due process claim because (1) the deduction of union dues from his paycheck did not amount to state action, (2) his voluntary decision to join the union did not deprive him of any protected interest, and (3) Molina was not harmed by any alleged lack of procedural protections.  (*Id.* at 14–17.)

Molina raises three arguments in opposition to Defendants' motion.  First, Molina argues that summary judgment is inappropriate because genuine issues of material fact preclude summary judgment.  (Doc. 61 at 11–14.)  Second, Molina argues that the court should either defer ruling on Defendants' motion or order additional discovery because Defendants rely on evidence that is unavailable to Molina.  (*Id.* at 14–16.)  Third, Molina argues that Defendants are not entitled to judgment as a matter of law because he never affirmatively waived his First Amendment rights under *Janus* and because Defendants have failed to establish that their procedures satisfy constitutional requirements.  (*Id.* 16–19.)

Defendants argue in reply that no genuine issues of material fact preclude summary judgment because the remaining factual issues are immaterial to

resolution of the case.  (Doc. 63 at 8–11.)  Defendants further argue that Molina's request for additional discovery should be denied because Molina does not identify any material factual issues that would require additional discovery.  (*Id.* at 11–14.)  Finally, Defendants argue they are entitled to judgment as a matter of law because no waiver of First Amendment rights is required where an employee voluntarily joins a union and because Molina's due process claim does not satisfy the elements necessary for such a claim.  (*Id.* at 14–21.)

In analyzing Defendants' motions for summary judgment, the court will first address Molina's request for additional discovery.  The court will then analyze whether any genuine disputes of material fact preclude summary judgment.  Finally, the court will analyze whether Defendants are entitled to judgment as a matter of law with regard to the merits of Molina's claims.

## DISCUSSION

### A. Molina's Request for Additional Discovery Is Denied

When a party opposing a motion for summary judgment shows that it "cannot present facts essential to justify its opposition," the court may allow the parties additional time for discovery.  Fed. R. Civ. P. 56(d).  "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law."  *In re Avandia Mktg., Sales & Prods.*

*Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015)).

To properly request additional discovery for purposes of opposing summary judgment, "a party must indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *Dinnerstein v. Burlington Cty. College*, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (quoting *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)). A properly filed request for additional discovery under Rule 56(d) is generally granted "as a matter of course." *Avandia*, 945 F.3d at 761 (quoting *Shelton*, 775 F.3d at 468). A request for additional discovery does not need to be made through a formal motion and can instead be raised through the brief opposing summary judgment. *Shelton*, 775 F.3d at 567–68. The decision of whether to permit additional discovery is left to the discretion of the district court. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 324 n.6 (3d Cir. 2005) (citing *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002)).

In this case, Molina requests additional discovery through his brief opposing Defendants' motion for summary judgment and through a declaration from his counsel, David R. Osborne. (*See* Doc. 61 at 14–16; Doc. 61-2.) In his declaration, Attorney Osborne clarifies that Molina seeks discovery as to six categories of information: (1) those portions of "Defendants' internal records" that are necessary

to verify the authenticity of documents on which Defendants rely; (2) information on the rights and benefits afforded to members of the union; (3) information on what is expected of a shop steward in the union; (4) information on the process the union followed after receiving Molina's resignation letter; (5) a copy of a letter that was purportedly sent from the union to the county after Molina's resignation from the union; and (6) evidence regarding the continuing validity of Molina's signed membership card and dues deduction authorization. (Doc. 61-2 ¶¶ 11–16.) Attorney Osborne asserts that such information is material to resolution of the motion for summary judgment because Molina alleges "that Defendants violated his constitutional rights and failed to provide due process, including a meaningful opportunity to object to continued seizure of his funds or a clearly defined process for asserting such an objection." (*Id.* ¶ 17.)

Attorney Osborne specifies that through additional discovery, Molina expects to obtain evidence that the union believed that membership cards and dues deductions signed prior to January 10, 2018 were invalid, and that the union informed its members of that belief. (*Id.* ¶ 18.) Attorney Osborne further notes that Molina expects to obtain evidence that the Defendants have policies that

> (1) violate public employees' constitutional rights not to subsidize union speech by failing to require an affirmative waiver of such rights before any money is taken from them; (2) fail to require notice of such rights or the right to resign one's union membership; (3) fail to provide the constitutionally required process, including a meaningful opportunity to object to continued seizure of his funds or a clearly

defined process for asserting such an objection; and (4) allow, condone, encourage, or require unconstitutionally arbitrary, ad hoc, punitive, and otherwise deficient treatment of public employees wishing to exercise their constitutional rights.

(*Id.* ¶ 19.)

Attorney Osborne notes that he has been unable to obtain the desired additional information because discovery has been stayed since October 7, 2019. (*Id.* ¶ 21.)  Attorney Osborne notes his belief that discovery requests that Molina already propounded prior to the stay are reasonably calculated to obtain the information that Molina seeks to obtain.  (*Id.* ¶ 22.)

Defendants argue that the additional discovery Molina seeks is not material to resolution of this case.  (Doc. 63 at 11–14.) Specifically, Defendants argue that information on the union's process for handling resignations and the letter that was sent regarding Molina's resignation are not material because the only claims that remain viable relate to the deduction of union dues prior to Molina's resignation. (*Id.* at 12–13.)  Defendants further argue that information relating to union members' rights and benefits and the duties of a shop steward are not material because that information is not relevant to the resolution of any legal issue before the court.  (*Id.* at 13.)  Finally, Defendants argue that discovery of internal records to verify the authenticity of documents is not necessary because Molina does not contest the validity of his membership application or dues deduction authorization, which are the only documents relied upon by Defendants.  (*Id.* at 13.)

The court agrees with Defendants that the additional information Molina seeks is not material to the resolution of the Defendants' motions for summary judgment.  Information on the rights and benefits that union members enjoy and information on the duties of a shop steward in the union are plainly not material to Molina's remaining claims, which are predicated solely on the deduction of union dues from his paychecks prior to his resignation from the union.  Information pertaining to Molina's resignation from the union and the period of time after he resigned from the union is not material because Molina's claims were dismissed to the extent that they were based on the recovery of dues paid after Molina's resignation from the union.  (*See* Doc. 41.)  Molina also does not need additional information to verify the authenticity of documents, because he does not contest the authenticity of his membership application or dues deduction authorization, which are the only documents necessary to resolve this case.  Molina's desire to obtain evidence regarding the continuing validity of his union membership card is also not material because Molina admits that he was a member of the union through the end of June 2018.  (*See* Doc. 20 ¶ 30; Doc. 62 ¶ 4.)

Finally, as for Molina's desire to obtain evidence regarding the continuing validity of his dues deduction authorization, the court concludes that such evidence is not material because it constitutes impermissible parol evidence.  The parties agree that Molina's dues deduction authorization constitutes a contract that is

subject to rules of contract interpretation.  (*See* Doc. 56 at 6; Doc. 61 at 13.)  Under

Pennsylvania law, evidence extrinsic to a contract may only be introduced to

interpret the contract when the language of the contract is ambiguous.

*Ramalingam v. Keller Williams Realty Grp., Inc.*, 121 A.3d 1034, 1046 (Pa. Super.

Ct. 2015).  Thus, although "a court may consider extrinsic evidence to resolve

contractual ambiguities, an opposing party may not offer extrinsic evidence to

create an ambiguity that does not exist within the language of the contract." *Patel*

*v. Dhudak*, ___ F. Supp. 3d ___, No. 3:17-CV-02243, 2019 WL 6465507, at *6

(M.D. Pa. Dec. 2, 2019) (citing *Int'l Union, United Auto., Aerospace & Agric.*

*Implement Workers of Am.*, 188 F.3d 130, 145 (3d Cir. 1999)).

Molina's dues deduction authorization in this case contained the following

language regarding the term of the contract:

> This authorization shall be irrevocable for a period of one year or until
> the termination of the applicable collective bargaining agreement,
> whichever occurs sooner, irrespective of my membership status in the
> Union.  This authorization shall automatically renew and shall be
> irrevocable for successive periods of one year unless written notice of
> revocation is given to the Union and the employer not more than fifteen
> (15) days prior to the termination date of the initial or any renewed
> irrevocable period.

(Doc. 29-2 at 11.)  This language clearly and unambiguously defined the term of

the parties' agreement: the dues deduction authorization automatically renewed

every year and remained in effect until the employee either validly revoked it or

until the collective bargaining agreement expired.  Thus, although Molina seeks

discovery of extrinsic evidence regarding the continuing validity of his dues deduction authorization, *see* Doc. 61-2 ¶ 16, the court would not be permitted to consider such evidence in construing the contract because the language of the contract is unambiguous. *Ramalingam*, 121 A.3d at 1046.  Accordingly, because the additional discovery Molina seeks is not material to his claims, his request for additional discovery is denied.

### B.  There Are No Genuine Issues of Material Fact

The court will next consider whether genuine issues of material fact preclude the entry of summary judgment.  Molina argues that there is a genuine issue of material fact because Defendants have not presented any evidence on the continuing validity of his membership card or his dues deduction authorization. (Doc. 61 at 11–14.)

Under Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  The entry of summary judgment, however, is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Anderson*, 477 U.S. at 248.  "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas*, 943 F.3d at 149 (quoting *Lichtenstein*, 691 F.3d at 300).

The issues of fact that Molina argues preclude the entry of summary judgment are not material to resolution of this case.  Molina notes that Defendants have not presented any evidence on the continuing validity of his membership card, but he does not dispute that he was a member of the union through the end of June 2018.  (*See* Doc. 20 ¶ 30; Doc. 62 ¶ 4.)  Any factual dispute regarding the validity of Molina's membership card is therefore immaterial to resolution of this case because Molina does not dispute that he was a member of the union during the relevant period.

The continuing validity of Molina's dues deduction authorization also does not present a genuine issue of material fact.  As noted above, the language of Molina's dues deduction authorization clearly and unambiguously stated that the dues deduction authorization would automatically renew every year and would remain in effect until the employee either validly revoked it or until the CBA expired.  (*See* Doc. 29-2 at 11.)  It is undisputed that the CBA remained in effect at all relevant times and that Molina did not revoke his dues deduction authorization until he resigned from the union in July 2018.  (*See* Doc. 20-1 at 6; Doc. 55 ¶ 7; Doc. 62 ¶ 7.)  Therefore, there is no genuine issue of material fact as to the continuing validity of Molina's dues deduction authorization during the period relevant to Molina's remaining claims, which pertain only to the deduction of union dues prior to his resignation from the union.  The court accordingly

concludes that no genuine issue of material fact precludes the entry of summary

judgment.

### C. Defendants Are Entitled to Judgment as a Matter of Law on Molina's First Amendment Claim Because *Janus* Does Not Apply to Claims Brought by Union Members

Having concluded that there is no genuine issue of material fact, the court

turns its attention to the issue of whether Defendants are entitled to judgment as a

matter of law with regard to Molina's First Amendment claim.  The starting point

for the court's analysis is *Janus*, 138 S. Ct. 2448, because Molina's First

Amendment claim is expressly based on that case.  (*See* Doc. 20 ¶ 54 ("Defendants

violated Mr. Molina's First Amendment rights as explained in *Janus*, 138 S. Ct.

2448."))

In *Janus*, the Court considered the constitutionality of an Illinois law that

required public employees to subsidize a union, regardless of whether the

employees were members of the union.  *Janus*, 138 S. Ct. at 2459–60.  The

plaintiff was a non-union member public employee who was required to pay fees

to subsidize a union under the law.  *Id.* at 2461.  The Court held that requiring non-

union members to subsidize a union violated the First Amendment's ban on

compelled speech:

> This procedure violates the First Amendment and cannot continue.
> Neither an agency fee nor any other payment to the union may be
> deducted from a nonmember's wages, nor may any other attempt be
> made to collect such a payment, unless the employee affirmatively

consents to pay.  By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); see also *Knox,* 567 U.S., at 312–313, 132 S.Ct. 2277.  Rather, to be effective, the waiver must be freely given and shown by "clear and compelling" evidence. *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 145, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) (plurality opinion); see also *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 680–682, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).  Unless employees clearly and affirmatively consent before any money is taken from them, this standard cannot be met.

*Id.* at 2486.

Defendants argue that *Janus* is inapposite in the present case because *Janus* prohibits only the compelled payment of union fees by non-union members, whereas Molina voluntarily joined the union and paid dues as a member of the union.  (Doc. 56 at 11–12.)  Defendants argue that Molina's voluntary payment of union dues as a member does not violate the First Amendment.  (*Id.* at 10.)

Molina acknowledges that the *Janus* holding was "in the context of union nonmembers," but argues that the "animating principle behind *Janus* should apply equally to existing union members and future employees as well." (Doc. 61 at 17.) Molina argues that he has not adequately waived his First Amendment rights under *Janus*, and that the deduction of his union dues therefore violates his First Amendment rights.  (*Id.* at 18–19.)  Defendants argue in reply that no waiver is required under *Janus* when an employee voluntarily joins a union.  (Doc. 63 at 14–15.)

19

The court agrees with Defendants.  The undisputed facts show that Molina joined the union, signed a dues deduction authorization, and remained a member until resigning his membership in 2018.  (*See* Doc. 29-2 at 11; Doc. 55 ¶¶ 3–4; Doc. 62 ¶ 3–4.)  Thus, because Molina was a member of the union when his dues were deducted, *Janus* is inapposite.  *See Janus*, 138 S. Ct. at 2486 ("Neither an agency fee nor any other payment to the union may be deducted from a *nonmember's* wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay.  By agreeing to pay, *nonmembers* are waiving their First Amendment rights, and such a waiver cannot be presumed." (emphasis added)).

Molina's argument that the "animating principle" of *Janus* should be extended to union members is unavailing.  (*See* Doc. 61 at 17.)  The Court's reasoning in *Janus* was that a law requiring a non-union member to pay fees to support a union is compelled speech.  *See Janus*, 138 S. Ct. at 2464, 2486.  Thus, the animating principle of *Janus* was not that the payment of union dues violates the First Amendment, but rather that *compelling* non-union members to support a union by paying fees violates the First Amendment.  Molina agreed to pay union dues as part of a contract with the union in exchange for union membership, so deducting union dues from his paycheck does not violate his rights under the First Amendment.  *See Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991) ("[T]he

First Amendment does not confer . . . a constitutional right to disregard promises that would otherwise be enforced under state law.").  This conclusion is supported by the decisions of numerous federal courts around the country that have concluded that *Janus* does not apply to claims brought by union members.[3] Defendants' motions for summary judgment are therefore granted as to Molina's First Amendment claim.

### D. Defendants Are Additionally Entitled to Judgment as a Matter of Law Because They Did Not Act Under Color of State Law

The court will next address Defendants' argument that Molina's claims fail for lack of state action.  (*See* Doc. 56 at 15–16.)  Molina's claims in this case are

---

[3] *See Louisville City Sch. Dist. Bd. of Educ. v. Ohio Ass'n of Pub. Sch. Emps.*, No. 5:19-CV-01509, 2020 WL 1930131, at *6 (N.D. Ohio Apr. 21, 2020); *Bennett v. Am. Fed.'n of State*, __ F. Supp. 3d __, No. 4:19-CV-04087, 2020 WL 1549603, at *4–5 (C.D. Ill. Mar. 31, 2020); *Durst v. Or. Educ. Ass'n*, __ F. Supp. 3d __, No. 1:19-CV-00905, 2020 WL 1545484, at *4 (D. Or. Mar. 31, 2020); *Campos v. Fresno Deputy Sheriff's Ass'n*, __ F. Supp. 3d __, No. 1:18-CV-01660, 2020 WL 949915, at *4 (E.D. Cal. Feb. 27, 2020); *Loescher v. Minn. Teamsters Pub. & Law Enforcement Employees' Union, Local No. 320*, __ F. Supp. 3d __, No. 19-CV-01333, 2020 WL 912785, at *7 (D. Minn. Feb. 26, 2020); *Quirarte v. United Domestic Workers AFSCME Local 3930*, __ F. Supp. 3d __, No. 19-CV-01287, 2020 WL 619574, at *6 (S.D. Cal. Feb. 10, 2020); *Grossman v. Haw. Gov't Employees Ass'n/AFSCME Local 152*, __ F. Supp. 3d __, No. 18-CV-00493, 2020 WL 515816, at *6 n.9 (D. Haw. Jan. 31, 2020); *Hendrickson v. AFSCME Council 18*, __ F. Supp. 3d __, No. 18-CV-01119, 2020 WL 365041, at *6 (D.N.M. Jan. 22, 2020); *Mendez v. Cal. Teachers Ass'n*, 419 F. Supp. 3d 1182, 1186 (N.D. Cal. 2020); *Hernandez v. AFSCME Cal.*, 424 F. Supp. 3d 912, 924 (E.D. Cal. 2019); *Smith v. Teamsters Local 2010*, No. 19-CV-00771, 2019 WL 6647935, at *9 (C.D. Cal. Dec. 3, 2019); *Smith v. N.J. Educ. Ass'n*, 425 F. Supp. 3d 366 (D.N.J. 2019); *Oliver v. SEIU Local 668*, 415 F. Supp. 3d 602, 608 (E.D. Pa. 2019); *Anderson v. SEIU Local 503*, 400 F. Supp. 3d 1113, 1116 (D. Or. 2019); *Seager v. United Teachers L.A.*, No. 2:19-CV-00469, 2019 WL 3822001, at *2 (C.D. Cal. Aug. 14, 2019); *Cooley v. Cal. Statewide Law Enforcement Assoc.*, 385 F. Supp. 3d 1077, 1080 (E.D. Cal. 2019); *O'Callaghan v. Regents of the Univ. of Cal.*, No. 19-CV-02289, 2019 WL 2635585, at *3 (C.D. Cal. June 10, 2019); *Bermudez v. SEIU, Local 521*, No. 18-CV-04312, 2019 WL 1615414, at *2 (N.D. Cal. Apr. 16, 2019); *Crockett v. NEA-Alaska*, 367 F. Supp. 3d 996, 1008 (D. Alaska 2019); *Belgau v. Inslee*, No. 18-CV-05620, 2018 WL 4931602 (W.D. Wash. Oct. 11, 2018).

brought under 42 U.S.C. § 1983, which allows a plaintiff to bring a claim for the

deprivation of his civil rights.  Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  To establish a constitutional violation under § 1983, a plaintiff

must show that the defendants' actions were done under color of state law, or, in

other words, that the defendants' alleged misconduct involved "state action."

*Sprauve v. West Indian Co., Ltd.*, 799 F.3d 226, 229 (3d Cir. 2015).

Although liability under § 1983 requires state action, it does not necessarily

require that such state action be committed by a government actor.  An action by a

private individual can satisfy the state action requirement if "there is such a 'close

nexus between the State and the challenged action' that seemingly private behavior

'may be fairly treated as that of the State itself.'"  *Brentwood Acad. v. Tenn.*

*Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v.*

*Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Determining whether state action is present in a case involving "an *activity*

that is significantly encouraged by the state or in which the state acts as a joint

participant . . . requires tracing the activity to its source to see if that source fairly

can be said to be the state. The question is whether the fingerprints of the state are on the activity itself." *Leshko v. Servis*, 423 F.3d 337, 340 (3d Cir. 2005).

Three post-*Janus* district court decisions in this circuit have considered whether the deduction of union fees from an employee's paycheck constitutes state action. Two decisions from this district confronted the same facts that were at issue in *Janus*—that is, fees that were deducted from the paychecks of non-union members—and concluded that there was state action in such a situation. *See Wenzig v. SEIU*, __ F. Supp. 3d __, No. 1:19-CV-01367, 2019 WL 6715741, at *4 n.5 (M.D. Pa. Dec. 10, 2019) (finding that defendants acted under color of state law when they deducted fees from non-union members' paychecks); *accord LaSpina v. SEIU Pa. State Council*, No. 3:18-CV-02018, 2019 WL 4750423, at *8 (M.D. Pa. Sept. 30, 2019). The Eastern District of Pennsylvania, on the other hand, found that there was no state action on facts that were indistinguishable from the facts of this case—union members seeking to recover dues under *Janus*. *See Oliver*, 415 F. Supp. 3d at 609–12. The court in *Oliver* noted that in deducting dues from the union member's paycheck, the government employer was "simply acting as a transfer agent carrying out the separate agreement between the union and its member." *Id.* at 611. The court therefore concluded that there was no state action sufficient to support a § 1983 claim:

> The union's right to collect the dues is not created by the Commonwealth; it is created by the union's contract with its members.

> The Commonwealth's role as employer is strictly ministerial, implementing the instructions of the employee. The union would ultimately collect its due regardless, but by some other means.  It cannot credibly be said that by affording the convenience of a dues check-off a public employer is "significantly encouraging" the assignment or that the employer is its "source" under *Leshko*.  As a result, the Union is not involved in state action by collecting dues pursuant to an agency-shop agreement with the employer.

*Id.* at 612.

The court finds the Eastern District's reasoning in *Oliver* persuasive and concludes that the deduction of union dues from Molina's paycheck does not amount to state action sufficient to support a § 1983 claim.  The plain terms of Molina's dues deduction authorization indicate that the dues were deducted from his paycheck on his behalf to satisfy his obligation to pay dues to the union.  (*See* Doc. 29-2 at 11.)  Thus, "[t]he union's right to collect the dues is not created by the Commonwealth; it is created by the union's contract with its members."  *Oliver*, 415 F. Supp. 3d at 611–12.  In performing the purely ministerial function of deducting dues from Molina's paycheck and transferring them to the union on Molina's behalf, the county was not performing a state action because the source of the action is Molina's contract with the union, not the state. *See Leshko*, 423 F.3d at 340 (determining whether state action is present "requires tracing the activity to its source to see if that source fairly can be said to be the state"); *Oliver*, 415 F. Supp. 3d at 611–12.  The court accordingly concludes that Defendants are

entitled to judgment as a matter of law as to all of Molina's remaining claims because their alleged wrongdoing was not state action under § 1983.

### E. Defendants Are Entitled to Judgment as a Matter of Law on Molina's Due Process Claim

Finally, even assuming that there is state action, Defendants are entitled to judgment as a matter of law on Molina's due process claim because Molina's right to due process was not harmed.

To prove a violation of procedural due process rights, a plaintiff must show that "(1) Defendants deprived him of an individual liberty interest that is encompassed within the Fourteenth Amendment's protection, and (2) the procedures Defendants made available to him did not provide due process of law." *Steele v. Cicchi*, 855 F.3d 494, 507 (3d Cir. 2017) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006)).  A plaintiff asserting a violation of procedural due process rights "must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."  *Holland v. Rosen*, 895 F.3d 272, 297 (3d Cir. 2018) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).  "A procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 423 (3d Cir. 2008) (quoting *Alvin*, 227 F.3d at 116).

Molina's due process claim asserts that Defendants did not provide meaningful procedures for him to object to his continuing association with the union or to object to the deduction of union dues from his paycheck.  (Doc. 20 ¶¶ 62–63.)  This claim fails for two reasons.  First, as noted above, Molina was not deprived of an individual liberty interest.  His union dues were deducted from his paycheck to satisfy his contractual obligation to the union and did not violate his First Amendment rights.  Second, the undisputed facts show that Molina did not attempt to resign from the union until 2018, and that when he did so the Defendants processed the resignation and ceased deducting union dues from his paychecks.  (*See* Doc. 20 ¶¶ 28–31, 39; Doc. 46 ¶¶ 28–31, 39; Doc. 47 ¶¶ 28–31, 39.)  Thus, Defendants are entitled to judgment as a matter of law because Molina failed to avail himself of available remedies, and, when he did avail himself of those remedies, they adequately protected his rights.  *See Elsmere Park Club*, 542 F.3d at 423.

## CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment (Docs. 50, 57) are granted.  An appropriate order follows.

s/Jennifer P. Wilson
 JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: May 8, 2020